# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIAN BENTON, COALITION OF NEW JERSEY FIREARM OWNERS, GUN OWNERS OF AMERICA, INC., and GUN OWNERS FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW J. PLATKIN, in his official capacity as the Attorney General of New Jersey, and CHIEF PHIL OLIVO, in his official capacity as the Police Chief of Pennsauken Township,<br><br>Defendants. | Hon. Karen M. Williams, U.S.D.J.<br>Hon. Matthew J. Skahill, U.S.M.J.<br><br>DOCKET No. 1:24-cv-07098<br><br><u>Civil Action</u><br><br>Oral Argument Requested |

## REPLY BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE
## PURSUANT TO FED. R. CIV. P. 42(a)

| | |
|---|---|
| Daniel M. Vannella<br>*Assistant Attorney General*<br><br>Justine M. Longa<br>Giancarlo G. Piccinini<br>*Deputy Attorneys General* | MATTHEW J. PLATKIN<br>ATTORNEY GENERAL OF NEW JERSEY<br>R.J. Hughes Justice Complex<br>25 Market Street<br>P.O. Box 112<br>Trenton, New Jersey 08625<br>*Attorney for Defendant Attorney General of New Jersey* |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT .............................................................................................................2

    I.   CONSOLIDATING THESE NEARLY IDENTICAL SECOND AMENDMENT CASES IS BOTH APPROPRIATE AND PREFERRED. ...................................................................................2

    II.  CONSOLIDATING THESE CASES WILL NOT PREJUDICE THE PARTIES. ..........................................................................................6

CONCLUSION ..........................................................................................................8

# TABLE OF AUTHORITIES

**CASES** **Page**

*Averhart v. Commc'ns Workers of Am.*,
   No. 10-6163, 2016 WL 2625326 (D.N.J. May 9, 2016)........................................4

*Borough of Edgewater v. Waterside Constr., LLC*,
   No. 14-5060, 2017 WL 1758062 (D.N.J. May 3, 2017)........................................7

*Choe-Rively v. Vietnam Veterans of Am. Chapter 83*,
   135 F. Supp. 2d 462 (D. Del. 2001)......................................................................4

*Galicki v. New Jersey*,
   No. 14-169, 2014 WL 4105441 (D.N.J. Aug. 18, 2014).......................................6

*In re Prudential Sec., Inc. Ltd. P'ships Litig.*,
   158 F.R.D. 562 (S.D.N.Y. 1994)..........................................................................7

*In re TMI Litig.*,
   193 F.3d 613 (3d Cir. 1999).................................................................................7

*New York State Rifle and Pistol Club, Inc. v. Bruen*,
   597 U.S. 1 (2022)...............................................................................................4, 5

*Patel v. Coinbase Glob., Inc.*,
   No. 22-4915, 2022 WL 17582549 (D.N.J. Dec. 12, 2022) .................................4

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) .........................................................................4

*Siegel v. Platkin*,
   No. 22-7463, 2023 WL 185512 (D.N.J. Jan. 13, 2023) .......................................7

*United States v. Rahimi*,
   144 S. Ct. 1889 (2024).........................................................................................5

**STATUTES**

N.J. Stat. Ann. § 2C:58-3 ................................................................................ 1, 3, 5

N.J. Stat. Ann. § 2C:58-3(i) .................................................................................... 1

## **RULES**

Fed. R. Civ. P. 42(a) .................................................................................. 1, 2, 3, 4
Loc. Civ. R. 42.1 ...............................................................................................1, 2

# **PRELIMINARY STATEMENT**

Plaintiffs in *Benton et al. v. Platkin et al.*, No. 1:24-cv-07098, and *Struck et al. v. Platkin et al.*, No. 3:24-cv-09479, each allege that the statutory provisions governing New Jersey's handgun purchasing regime violate their Second and Fourteenth Amendment rights. Defendants Matthew J. Platkin and Patrick J. Callahan ("State Defendants") thus moved to consolidate the two matters pursuant to Federal Rule of Civil Procedure 42(a) and Local Civil Rule 42.1, which require only that the actions present a common question of law or fact. Here, they do.

None of the parties in *Benton* dispute that this case and *Struck* present at least a common question of law or fact. *See* ECF 30 ("Plaintiffs concede that this case and the *Struck* case 'share common questions of both law and fact.'"); ECF 31 ("Chief Phil Olivo … takes no position in regards to this motion."). Although the *Struck* Plaintiffs argue that consolidation is improper because they present a "narrowly focused" challenge to just the one-gun-a-month law ("OGM law"), N.J. Stat. Ann. § 2C:58-3(i), while the *Benton* Plaintiffs challenge "the entire" handgun purchasing regime codified at N.J. Stat. Ann. § 2C:58-3, *see* ECF 32, all Plaintiffs nonetheless concede that they raise Second Amendment challenges to the constitutionality of the OGM law. *See* ECF 30 (*Benton* Plaintiffs acknowledging that "[t]he *Struck* complaint also challenges [the OGM law], raising the same single claim, making substantially similar arguments, and seeking comparable relief to Plaintiffs'

1

Complaint here."); ECF 32 (*Struck* Plaintiffs acknowledging that "[t]hese 'layers upon layers' of laws, regulations, and policies — of which the OGM law is one — are what the *Benton* Plaintiffs challenge collectively in framing and asserting their Second Amendment claim.").

These cases thus indisputably present common questions of law and fact. Plaintiffs will experience no prejudice if these cases are consolidated, nor will consolidation result in delay or confusion of the issues, which are identical. Consolidation is therefore appropriate here, not only as a matter of judicial economy, but also, and especially, because doing so will obviate any risk of inconsistent judgments on this significant issue of first impression in this District.

The Court should consolidate *Benton* and *Struck*.

## ARGUMENT

**I. CONSOLIDATING THESE NEARLY IDENTICAL SECOND AMENDMENT CASES IS BOTH APPROPRIATE AND PREFFERED.**

The *Struck* Plaintiffs overlook that Federal Rule of Civil Procedure 42(a) and Local Civil Rule 42.1 overwhelmingly favor consolidation here. First, Rule 42 is satisfied: these cases present nearly identical common questions of both law and fact. Second, that these actions do not involve perfect party identity is not dispositive; in fact, courts are clear that non-identity of parties is ancillary to the Rule 42(a) analysis. Third, Supreme Court precedent requires that the court evaluate Plaintiffs' Second Amendment challenges using the same analytic framework, meaning the

*Benton* and *Struck* Plaintiffs' Second Amendment challenges to different aspects of New Jersey's handgun purchasing laws differ only as a matter of degree, not kind. Consolidation is amply warranted.

**1.** Rule 42(a)'s requirements for consolidation are plainly met here. That rule grants courts discretion to consolidate cases if "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). As noted in State Defendants' opening brief, consolidation is appropriate because Rule 42(a) requires only that cases share "*a*" common question of law "*or*" fact, *id.*, and *Benton* and *Struck* share *several* common questions of both law *and* fact.

For example, both *Benton* and *Struck* involve challenges to provisions of N.J. Stat. Ann. § 2C:58-3, which regulates the purchase of firearms, including handguns, in New Jersey. Both cases thus raise identical questions of law: whether N.J. Stat. Ann. § 2C:58-3 qualifies as a presumptively lawful regulation on the commercial sale of firearms, and whether New Jersey's handgun purchasing regime qualifies as a presumptively lawful "shall-issue" licensing regime. *Benton* and *Struck* also both require compiling a record of historical fact to prove, for instance, whether requiring licensure for purchasing firearms comports with the principles underlying the Nation's tradition of firearms regulation, and whether the principle that only law-abiding citizens may keep and bear arms justifies conditioning purchasing handguns to one purchase every thirty-days. Those records will overlap here because *Benton*

3

and *Struck* both assert challenges against New Jersey's handgun licensing laws, thus requiring compiling near-identical historical factual records in both cases. *Cf. New York State Rifle and Pistol Club, Inc. v. Bruen*, 597 U.S. 1, 25 n.6 (2022) ("Courts are … entitled to decide a case based on the historical record compiled by the parties."). These cases comfortably clear Rule 42(a)'s requirement that cases need only share "*a* common question of law *or* fact." Fed. R. Civ. P. 42(a) (emphasis added).

 **2.** Rule 42(a) does not require perfect party identity to consolidate cases. This Court has recognized as much on several occasions. *See Patel v. Coinbase Glob., Inc.*, No. 22-4915, 2022 WL 17582549, *2 (D.N.J. Dec. 12, 2022) (Rule 42(a) does not require "that pending suits be identical before they can be consolidated."); *Averhart v. Commc'ns Workers of Am.*, No. 10-6163, 2016 WL 2625326, *1 (D.N.J. May 9, 2016) (consolidating cases despite the presence of "a few additional defendants" in one of the actions); *see also Choe-Rively v. Vietnam Veterans of Am. Chapter 83*, 135 F. Supp. 2d 462, 465 (D. Del. 2001) ("Although the second action included several different parties and claims, the court consolidated the two cases."). At the end of the day, "[c]onsolidation is appropriate when … there are actions involving common questions of law or fact." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). "That certain defendants are named in only one or some of the complaints does not require

4

a different result." *Id.* *Benton* and *Struck* provide no reason for diverging from this well-reasoned conclusion.

**3.** Even though the breadth of their claims against New Jersey's handgun purchasing laws may differ slightly, the *Benton* and *Struck* Plaintiffs' Second Amendment challenges are both subject to the same analytic framework. As noted in State Defendants' opening brief, precedent requires that this Court determine: first, whether Plaintiffs' asserted desire to purchase more than one handgun per month (or to immediately purchase handguns without a permit) is conduct protected by the Second Amendment's plain text, *Bruen*, 597 U.S. at 24; and second, if so, whether New Jersey's handgun purchasing laws — of which the OGM law is a part — is consistent with the principles that underpin the Nation's regulatory tradition, *United States v. Rahimi*, 144 S. Ct. 1889, 1898 (2024). That the *Benton* Plaintiffs challenge the whole of New Jersey's handgun purchasing regime codified at N.J. Stat. Ann. § 2C:58-3, while the *Struck* Plaintiffs challenge just one aspect of that regime, the OGM law, does not change the fact that this Court must decide those challenges using the same *Bruen/Rahimi* framework. The cases thus differ only in degree, not kind. Consolidating these common cases is therefore both appropriate and preferable in these near-identical Second Amendment cases.

5

## II. CONSOLIDATING THESE CASES WILL NOT PREJUDICE THE PARTIES.

The *Struck* Plaintiffs argue that consolidation will cause prejudice and delay because the *Benton* Plaintiffs challenge a "web of statutory provisions" and so they speculate that the scope of discovery will extend beyond what is needed to adjudicate the claim presented in *Struck*. ECF 32. But their assumption that additional discovery may be produced if the matters are consolidated does not necessarily mean that adjudication of their claim will be delayed. Nor do they explain why consolidation would result in any more delay than proceeding separately. Their arguments, which rely almost entirely on out-of-circuit caselaw, all fail.

Consolidation — especially at this early stage in the litigation — is overwhelmingly likely to permit more efficient exploration and resolution of the claims. Indeed, *Benton* and *Struck* are in a similar procedural posture: discovery has not yet begun in either case. Coordinating these cases at this early stage for the purposes of pretrial management, discovery, and motion practice would not delay adjudication in either case. *See Galicki v. New Jersey*, No. 14-169, 2014 WL 4105441, *4 (D.N.J. Aug. 18, 2014) (consolidating two cases "given that both actions are still in their relative infancy and have nearly identical procedural postures"). Rather, consolidation will allow the cases to proceed at the same pace, facilitating a more efficient discovery process and orderly case management.

6

All parties would benefit from consolidation by permitting them to coordinate the development of discovery and avoid duplicative efforts in each action. Though the *Struck* Plaintiffs surmise that more discovery will be needed to resolve all of the claims presented by the *Benton* Plaintiffs, the State Defendants nonetheless intend to present similar factual and expert evidence in both cases, as both sets of Plaintiffs assert the same constitutional challenge to the same statute. Consolidation would thus benefit all parties by decreasing the amount of duplicative discovery, reducing the burdens on fact and expert witnesses, and facilitating a more efficient and economic resolution of these related challenges. *See Borough of Edgewater v. Waterside Constr., LLC*, No. 14-5060, 2017 WL 1758062, *3 (D.N.J. May 3, 2017) (consolidating cases where "discovery in both cases will likely involve many of the same documents and witnesses"); *Siegel v. Platkin*, No. 22-7463, 2023 WL 185512, *3 (D.N.J. Jan. 13, 2023) (consolidating cases where "the commonalities in these two matters will lead to overlapping discovery requests [and] witnesses"). Consolidation would also lessen the amount of motion practice that will inevitably result if the two cases proceed separately.

"The purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'" *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999) (quoting *In re Prudential Sec., Inc. Ltd. P'ships Litig.*, 158 F.R.D.

562, 571 (S.D.N.Y. 1994)). To deny consolidation here would greatly frustrate all of those important objectives.

## CONCLUSION

The Court should consolidate *Benton* and *Struck*.

> MATTHEW J. PLATKIN
> ATTORNEY GENERAL OF NEW JERSEY
>
> By:   /s/ Daniel M. Vannella
>       Daniel M. Vannella
>       *Assistant Attorney General*
>
>       Justine M. Longa
>       Giancarlo G. Piccinini
>       *Deputy Attorneys General*

DATED:    November 22, 2024

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
*Attorney for Defendants Attorney General of New Jersey and Superintendent of New Jersey State Police*

By:  Daniel M. Vannella (015922007)
     Assistant Attorney General
     (609) 376-2776
     Daniel.Vannella@law.njoag.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIAN BENTON, COALITION OF NEW JERSEY FIREARM OWNERS, GUN OWNERS OF AMERICA, INC., and GUN OWNERS FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW PLATKIN, in his official capacity as the Attorney General of New Jersey, and CHIEF PHIL OLIVO, in his official capacity as the Police Chief of Pennsauken Township,<br><br>Defendants. | Hon. Karen M. Williams, U.S.D.J.<br>Hon. Matthew J. Skahill, U.S.M.J.<br><br>DOCKET No. 1:24-cv-7098<br><br>Civil Action<br><br>**CERTIFICATE OF SERVICE** |

1.  The undersigned, Daniel M. Vannella, of full age, hereby certifies that, on November 22, 2024, I electronically filed a Reply Brief in Support of State

Defendants' Motion to Consolidate and this Certificate of Service with the Clerk of the United States District Court for the District of New Jersey.

2. I further certify that all counsel of record, as follows, will receive a copy of these documents via CM/ECF:

Steven Jay Harfenist
Harfenist Kraut & Perlstein, LLP
3000 Marcus Avenue
Suite 2E1
Lake Success, New York 11042
*Attorney for Plaintiffs Christian Benton, Coalition of New Jersey Firearm Owners, Gun Owners of America, Inc., and Gun Owners Foundation*

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, Mississippi 38654
*Attorney for Plaintiffs Christian Benton, Coalition of New Jersey Firearm Owners, Gun Owners of America, Inc., and Gun Owners Foundation (pro hac vice)*

Michael Joseph Miles
Arlette Leyba
Brown & Connery, LLP
360 Haddon Avenue
Westmont, New Jersey 08108
*Attorney for Defendant Chief Phil Olivo, in his official capacity as the Police Chief of Pennsauken Township*

Bradley Lehman
Gellert Seitz Busenkell & Brown, LLC
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
*Attorney for Plaintiffs Matthew Struck, Daniel Francisco, and Firearms Policy Coalition, Inc.*

Raymond M. DiGuiseppe
The DiGuiseppe Law Firm, P.C.
116 North Howe Street, Suite A
Southport, North Carolina 28461
*Attorney for Plaintiffs Matthew Struck, Daniel Francisco, and Firearms Policy Coalition, Inc. (pro hac vice)*

3. I have also provided **one courtesy copy** of these documents to the chambers of the Honorable Michael A. Shipp, U.S.D.J.

4. I declare under the penalty of perjury that the foregoing is true and correct.

/s/ Daniel M. Vannella
Daniel M. Vannella
Assistant Attorney General

DATED: November 22, 2024