**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHRISTIAN BENTON, *et al.*, | HONORABLE KAREN M. WILLIAMS |
| Plaintiffs, | |
| v. | Civil Action |
| | No. 24-7098 (KMW-MJS) |
| MATTHEW PLATKIN, *et al.*, | |
| Defendants. | **OPINION** |

APPEARANCES:

STEVEN JAY HARFENIST, ESQ.
HARFENIST KRAUT & PERLSTEIN, LLP
3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042

> *Counsel for Plaintiffs Christian Benton, Coalition of New Jersey Firearm Owners, Gun Owners of America, Inc., and Gun Owners Foundation*

DANIEL MICHAEL VANNELLA, ESQ.
GIANCARLO GENARO PICCININI, ESQ.
JUSTINE M. LONGA, ESQ.
LIZA FLEMING, ESQ.
OFFICE OF ATTORNEY GENERAL OF NEW JERSY
DEPARTMENT OF LAW & PUBLIC SAFETY, DIVISION OF LAW
25 MARKET STREET, P.O. BOX 112
TRENTON, NJ 08625

> *Counsel for Defendant Matthew Platkin, in his official capacity as the Attorney General of New Jersey*

ARLETTE LEYBA, ESQ.
MICHAEL JOSEPH MILES, ESQ.
BROWN & CONNERY, LLP
360 HADDON AVENUE
WESTMONT, NJ 08108

> *Counsel for Defendant Chief Phil Olivo*

MATTHEW STRUCK, *et al.*,

        Plaintiffs,

v.

MATTHEW PLATKIN, *et al.*,

        Defendants.

HONORABLE MICHAEL A. SHIPP

Civil Action

No. 24-9479 (MAS-JTQ)

APPEARANCES:

BRADLEY LEHMAN, ESQ.
WHITEFORD, TAYLOR & PRESTON LLC
600 NORTH KING STREET, SUITE 300
WILMINGTON, DE 19801

    *Counsel for Plaintiffs Matthew Struck, Daniel Francisco, and Firearms Policy Coalition, Inc.*

DANIEL MICHAEL VANNELLA, ESQ.
GIANCARLO GENARO PICCININI, ESQ.
OFFICE OF ATTORNEY GENERAL OF NEW JERSY
DEPARTMENT OF LAW & PUBLIC SAFETY, DIVISION OF LAW
25 MARKET STREET, P.O. BOX 112
TRENTON, NJ 08625

    *Counsel for Defendant Matthew Platkin, in his official capacity as the Attorney General of New Jersey, and Patrick J. Callahan, in his official capacity as Superintendent of the New Jersey State Police*

**WILLIAMS, District Judge:**

## I.    INTRODUCTION

Plaintiffs Christian Benton, the Coalition of New Jersey Firearm Owners, Gun Owners of America, Inc., and Gun Owners Foundation, ("Benton Plaintiffs"), brings this action against Defendant Matthew Platkin, ("Defendant Platkin"), in his official capacity as the Attorney General of New Jersey, and Defendant Phil Olivo, ("Defendant Olivo"), in his official capacity as the Police Chief of Pennsauken Township, alleging that Defendants' implementation and enforcement of New Jersey's firearm permitting regime and "one-handgun-per-month" law, (N.J. Stat. Ann. § 2C:58-3(i)), ("OGM law"), are impermissibly limiting Plaintiffs' Second Amendment rights. In *Struck et al., v. Platkin, et al.*, Plaintiffs Matthew Struck, Daniel Francisco, and Firearms Policy Coalition, Inc., ("Struck Plaintiffs"), bring  an action against Defendant Platkin and Defendant Patrick J. Callahan, ("Defendant Callahan"), in his capacity as Superintendent of the New Jersey State Police, also alleging that the OGM law is impeding Plaintiffs' Second Amendment rights to bear arms.

On November 4, 2024, Defendant Platkin filed a Motion to Consolidate Cases *Struck v. Platkin*, with *Benton v. Platkin*, (ECF No. 29).   On November 14, 2024, Benton Plaintiffs responded to the Motion to Consolidate, (ECF No. 30).  On November 18, 2024, Defendant Olivo responded, (ECF No. 31), and Plaintiffs Matthew Struck, Daniel Francisco, and the Firearms Policy Coalition, Inc., ("Struck Plaintiffs") opposed Defendant Platkin's Motion, (ECF No. 32). On November 22, 2024, Defendant Platkin replied, (ECF No. 33).  For the reasons that follow, Defendant Platkin's Motion is **GRANTED**.[1]

---

[1] Pursuant to Local Civil Rule 78.1(b), this motion will be decided on the papers without oral argument.

## II.    BACKGROUND

On June 18, 2024, Plaintiffs in *Benton v. Platkin*, (No. 24-7098), filed their Complaint challenging the constitutionality of the New Jersey firearm permitting scheme as a whole, including the OGM law. *See, generally,* Compl. On September 26, 2024, Plaintiffs in *Struck v. Platkin*, (No. 24-9479), filed their Complaint, focusing solely on the alleged unconstitutionality of the OGM law. *See* Mot. to Consolidate, Ex. B.

Thereafter, the Court held oral argument and decided two motions to dismiss in *Benton*. *See* Hearing Tr. and Memorandum Opinion & Order, (ECF No. 46). The Court granted Defendant Olivo's motion, which sought dismissal as to all claims asserted solely against him, and granted Defendant Platkin's *partial* Motion to Dismiss, which explicitly excluded Benton Plaintiffs' claims regarding the OGM law. *See* Mot. to Dismiss, (ECF Nos. 19, 20). The Court clarified in its Order that the Court did not dismiss Benton Plaintiffs' entire Complaint with the grant of the Motions to Dismiss, and that Benton Plaintiffs' challenge to the OGM law remained. *See* Memorandum Opinion & Order, (ECF No. 46).

The instant motion is Defendant Platkin's Motion to Consolidate, (ECF No. 29). Benton Plaintiffs responded to the Motion, conceding that the *Benton* case and the *Struck* case "'share common questions of both law and fact,' at least as pertains to the common 'one gun a month' count[,]" and did not object to consolidation, provided that Benton Plaintiffs retained the ability to file their own full-length briefing, and present their own oral argument to the Court should the occasion arise. Benton Response, (ECF No. 30). Defendant Olivo also responded, taking no position. Olivo Response, (ECF No. 31). The *Struck* Plaintiffs oppose Defendant Platkin's Motion to Consolidate, (ECF No. 32), and Defendant Platkin filed a reply, (ECF No. 33).

## III.   LEGAL STANDARDS

### A.  Consolidation

Pursuant to Federal Rule of Civil Procedure 42, if actions before the Court involve a common question of law or fact, the Court may: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)(1)-(3).  "The Third Circuit recognizes that this rule confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate causes for trial as may facilitate the administration of justice." *April Denise Williams v. USA, et al.*, No. 18-14455, 2018 WL 4929390 at *6 (D.N.J. Oct. 11, 2018) (citing *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)) (internal quotation marks omitted).  This power may also be exercised insofar as consolidation would "avoid unnecessary costs or delay." *Skoorka v. Kean Univ.*, No. 16-3842, 2019 WL 4509294 at *3 (D.N.J. Sept. 19, 2019) (internal quotation marks omitted).

Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 298 n.12 (3d Cir. 2005) (citations and internal quotation marks omitted).  In considering a request to consolidate, on one hand, the Court is mindful that two actions need not be identical but could instead simply share "common question[s] of law or fact." *In re Cendant Corp. Litig.*, 182 F.R.D. 476, 478 (D.N.J. 1998).  After all, "[the] purpose of consolidation is 'to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues.'" *Cima Labs, Inc. v. Actavis Grp. HF*, Nos. 07-00893, 06-01970, 06-01999, 2007 WL 1672229, at *5 (D.N.J. Jun. 7, 2007) (quoting *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999)).

**DISCUSSION**

Defendant Platkin asserts that *Benton* and *Struck* are cases of first impression seeking to invalidate New Jersey's OGM law, which limits the number of handguns a person may purchase per permit within a thirty-day period,[2] following the Supreme Court's ruling in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022). Defendant Platkin believes that consolidation would economize the litigations because both cases share Defendant Platkin as a defendant, would require the same experts and evidence due to the common questions of law and fact between the matters, and both matters are in similar pretrial postures. Mot. to Consolidate at 4-8.

*Struck* Plaintiffs believe that consolidation would cause unnecessary delay and expense because *Benton* attempts to attack the "entire state permitting scheme"—inclusive of handguns and long guns—and includes specific claims regarding Defendant Olivo's conduct. Opp. at 5-7. *Struck* Plaintiffs are concerned that such an expansive Complaint would cause unnecessary delay,

---

[2] N.J. Stat. Ann. § 2C:58-3(i) states that "Restriction on number of firearms [a] person may purchase. Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period, but this limitation shall not apply to:

    (1) a federal, State, or local law enforcement officer or agency purchasing handguns for use by officers in the actual performance of their law enforcement duties;

    (2) a collector of handguns as curios or relics as defined in Title 18, United States Code, section 921(a)(13) who has in the collector's possession a valid Collector of Curios and Relics License issued by the federal Bureau of Alcohol, Tobacco, Firearms and Explosives;

    (3) transfers of handguns among licensed retail dealers, registered wholesale dealers and registered manufacturers;

    (4) transfers of handguns from any person to a licensed retail dealer or a registered wholesale dealer or registered manufacturer;

    (5) any transaction where the person has purchased a handgun from a licensed retail dealer and has returned that handgun to the dealer in exchange for another handgun within 30 days of the original transaction, provided the retail dealer reports the exchange transaction to the superintendent; or

    (6) any transaction where the superintendent issues an exemption from the prohibition in this subsection pursuant to the provisions of section 4 of P.L.2009, c.186 (C.2C:58-3.4).

The provisions of this subsection shall not be construed to afford or authorize any other exemption from the regulatory provisions governing firearms set forth in chapter 39 and chapter 58 of Title 2C of the New Jersey Statutes;

A person shall not be restricted as to the number of rifles or shotguns the person may purchase, provided the person possesses a valid firearms purchaser identification card and provided further that the person signs the certification required in subsection b. of this section for each transaction.

expense, and confuse the issues in comparison to the *Struck* Complaint's focus on the OGM law. *Id.* at 10.

In the interim, this Court has decided two Motions to Dismiss in *Benton* resulting in dismissal without prejudice for all claims against Defendant Olivo and all but the OGM law claim against Defendant Platkin. *See* Memorandum Opinion & Order, (ECF No. 46). While the actions need not be identical to permit consolidation, *Benton* and *Struck* raise the same constitutional challenge against the OGM law, and share a common defendant, Defendant Platkin, who is the individual that implements and enforces this law. With both matters in similar pretrial postures, and with *Struck* having no dispositive motions yet filed, consolidation at this time could also benefit the parties in discovery. Plaintiffs in both matters would need to produce the same evidence and experts for the Court to review pursuant to the Supreme Court's requirements concerning the kind of evidence permissible in a Second Amendment challenge. *See Bruen,* 597 U.S. at 25 n.6, ("Courts are thus entitled to decide a case based on the historical record compiled by the parties."). Consolidation of these two cases would reduce the burden on both the parties and the court system in terms of time and resources on this basis alone.

Even if the *Benton* Plaintiffs amend their Complaint to include other aspects of the New Jersey firearm permitting scheme, *Struck* and *Benton* would retain enough common legal and factual issues that would justify consolidation at this time. While any hypothetical additional claims may require a larger production of evidence for the *Benton* Plaintiffs, it does not necessarily mean that the process would be prejudicially delayed for the *Struck* Plaintiffs. Nor will the Court be at risk of confusing the issues if additional claims are brought into the matter. Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *In re Cmty. Bank of N. Va.*, 418 F.3d at 298 n.12.

The Court will permit the parties to file individual briefs and present their own oral arguments, if necessary, to ensure that the Plaintiffs are able to present their challenges in accordance with their own approaches.

Most importantly, as the Court held in *Siegel v. Platkin*, the Court must protect against the prospect of conflicting outcomes, especially where the cases share a constitutional challenge to the same legislation. *Siegel v. Platkin*, No. 22-7463, 2023 WL 185512 at *3 (D.N.J. Jan. 13, 2023). The risk of conflicting outcomes is too great for the Court to permit both *Struck* and *Benton* to proceed individually. Thus, the Court must consolidate these matters.

## IV.    CONCLUSION

For the reasons set forth above, Defendant Platkin's Motion to Consolidate is **GRANTED**. An order consistent with this Opinion shall be entered.

June 23, 2025

KAREN M. WILLIAMS, U.S.D.J.